## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

TERRANCE HAYES                                                                    PLAINTIFF


VS.                                    4:10CV00202 BSM/JTR


KARL BYRD,
Faulkner County Sheriff, et al.                                              DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District
Judge Brian S. Miller.  Any party may serve and file written objections to this
recommendation.  Objections should be specific and should include the factual or
legal basis for the objection.  If the objection is to a factual finding, specifically
identify that finding and the evidence that supports your objection.  An original and
one copy of your objections must be received in the office of the United States District
Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file
timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room 149
Little Rock, AR 72201-3325

## I. Findings

1.  On March 31, 2010, Plaintiff, Terrance Hayes, filed this § 1983 action.

In his Complaint, he alleges that, while he was a prisoner in the Faulkner County

Detention Center ("FCDC"), Defendants Sheriff Karl Byrd, Major Bobby Brown,

2

Captain John Randall, Lt. Lloyd Vincent, and Dr. Gary Stewart, failed to provide him with adequate medical care for serious problems he was having with his teeth. (Docket entry #2).

2.     On April 19, 2010, Plaintiff filed an Amended Complaint elaborating on his inadequate medical care claims against the Defendants. (Docket entry #7).

3.     On June 12, 2010, Plaintiff was released from the FCDC. (Docket entry #35-1 at 6).

4.     On June 17, 2010, Plaintiff filed a Notice of Change of Address. The Notice states that he now resides at 2200 Meadowlake Road, Apt. 1509, Conway AR 72034. (Docket entry #24). Since his release from the FCDC, this is the only address that Plaintiff has provided to the Court.[1] None of the Orders and papers that the Court has mailed to Plaintiff at that address have ever been returned "undeliverable" by the U.S. Postal Service.

5.     On October 22, 2010, Defendants filed a Motion for Summary Judgment and supporting papers. (Docket entries #33-35).

_____

[1]Pursuant to Local Rule 5.5(c)(2), a *pro se* litigant is obligated to keep the Court informed of his or her current address. The Rule goes on to allow the Court to dismiss an action if this obligation is not met. ("It is the duty of any [*pro se*] party . . . to promptly notify the Clerk . . . of any change in his or her address . . . and to prosecute . . . the action diligently . . . [i]f any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.")

6.      On October 27, 2010, the Court entered an Order directing Plaintiff to file a Response to Defendants' Motion for Summary Judgment, along with a Statement of Disputed Material Facts, as required by Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1. (Docket entry #36).

7.      On November 22, 2010, Plaintiff filed a request for an extension of time to file his Response. (Docket entry #38). This is the last contact Plaintiff has had with the Court.

8.      On November 29, 2010, the Court entered an Order granting Plaintiff's request and allowing him until December 30, 2010 to file a Response to Defendants' Motion for Summary Judgment. (Docket entry #39).

9.      Plaintiff failed to file a Response to Defendants' Motion for Summary Judgment.

10.     On February 25, 2011, the Court entered a Proposed Finding and Recommended Disposition denying Defendants' Motion for Summary Judgment but allowing Defendants thirty days to file a properly supported Motion for Summary Judgment. (Docket entry #41).

11.     On April 26, 2011, United States District Judge Brian S. Miller adopted the Court's Recommended Disposition but held that Defendants should not be allowed another chance to file a properly supported Motion for Summary Judgment. (Docket

4

entry #47).

12.     On April 27, 2011, the Court entered a Scheduling Order setting this case for an Evidentiary Hearing at 9:30 a.m. on August 11, 2011.  (Docket entry #49).  The Clerk's Certificate of Mailing (docket entry #50) reflects that the Scheduling Order was mailed to Plaintiff at the address he provided to the Court on June 17, 2010. The Scheduling Order was not returned to the Court by the U.S. Postal Service.

13.     Plaintiff did not file any of the information required in the Scheduling Order.

14.     At 9:30 a.m., on August 11, 2011, Defendants, their witnesses, and their attorney were in court and prepared to proceed with the Evidentiary Hearing. Plaintiff was not present. The Court waited until 10:00 a.m. to begin the hearing. At that time, Plaintiff was still not present. The Court requested the CSO to "sound the hall," but Plaintiff could not be located. As stated earlier, Plaintiff has filed no pleadings or papers in this case or had any contact with the Court since November 22, 2010.

15.     Given these undisputed facts, the Court concludes that Plaintiff has elected to abandon the claims he has asserted against Defendants in this action. Based on his failure to appear at the August 11, 2011 Evidentiary Hearing and prosecute his claims, Defendants are entitled to have all such claims dismissed, with prejudice, and to have a Judgment entered in their favor.

5

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT all of Plaintiff's claims against Defendants be dismissed, with prejudice, based on his failure to prosecute those claims and that a Judgment be entered in favor of Defendants.

Dated this 11th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE